**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| EDWIN CREECY, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 10-841 (RC) |
| | : | | |
| v. | : | Re Document No.: | 62, 63, 65, 67 |
| | : | | |
| WILLIAM KELLIBREW, | : | | |
| | : | | |
| Defendant. | : | | |

## <u>MEMORANDUM OPINION</u>

DISCHARGING ORDER TO SHOW CAUSE; GRANTING DEFENDANT'S MOTION TO SET ASIDE
DEFAULT; ORDERING PARTIES TO MEET AND CONFER

### I. INTRODUCTION

The Clerk of this Court entered default against defendant William Kellibrew ("Kellibrew") for torts allegedly committed against plaintiff Edwin Creecy. After entering default, the Court scheduled a hearing for entry of final judgment against the defendant. The defendant subsequently filed a motion to set aside the default one day before the scheduled hearing. The plaintiff failed to appear at the hearing for final judgment and consequently, the Court ordered the plaintiff to show cause for why the case should not be dismissed for failure to prosecute. For the reasons explained below, the Court will discharge the order to show cause. Further, the Court concludes that the defendant's motion to aside default shall be granted. Finally, the Court will order the parties to meet and confer pursuant to Local Rule 16.3, and submit a written report to the Court within two weeks of the conference.

### II. FACTUAL BACKGROUND

This case stems from a series of events that occurred on or about May 20, 2010. *See generally* Compl. (Dckt. #1). The plaintiff filed a complaint on the same day as the events, and a

summons was entered for five defendants the following day, May, 21, 2010. The claims against four of the defendants were resolved, but the claims against defendant William Kellibrew remain. This is partly due to problematic and conflicting assertions concerning service. The original proof of service stated that the summons was left with a Mr. George Short on August 7, 2010 and did not list an address. *See* Proof of Service (Dckt. #29). An Amended Proof of Service entered on April 21, 2011, stated that service was made at 613 Franklin Street, N.E., Washington, DC. *See* Am. Proof of Service (Dckt. #29). A final Amended Affidavit for Return of Service was entered on or about May 7, 2013 stating that service was actually made upon Mr. George Short at 630 Franklin Street, N.E., Washington, DC 20017, and that the previous affidavit of service was mistaken. *See* Am. Aff. For Return of Service (Dckt. #66). In the midst of these conflicting assertions, the plaintiff filed a memorandum for an order of default against defendant Kellibrew on May 5, 2011 that noted the incorrect address mentioned in the amended proof of service. *See* Pl.'s Mot. for Order of Default J. (Dckt. #34) at 1.

The following day, May 6, 2011, the Clerk of the Court entered default against defendant Kellibrew. *See* Default Decl. (Dckt. #36). After this entry of default, the plaintiff pursued a settlement with the four other defendants, eventually leading to voluntary dismissal of the case on December 10, 2012. *See* Notice of Dismissal (Dckt. #57). Since the plaintiff did not reach a settlement with defendant Kellibrew, the plaintiff filed a motion to reopen the case to set an ex parte proof hearing to enter final judgment against Kellibrew. *See* Pl.'s Mot. to Reopen (Dckt. #58) at 1. This hearing was scheduled for April 30, 2013. The day before this hearing, the defendant filed a motion to set aside the default judgment. *See generally* Def.'s Mot. to Set Aside Default (Dckt. #63). The defendant was present at the hearing, but the plaintiff failed to appear. As a consequence, the Court ordered the plaintiff to show cause for why the case should

not be dismissed for failure to prosecute.  The plaintiff filed a reply to the show cause order one day after the prescribed deadline, and also filed an opposition to the defendant's motion to set aside the default judgment.

### III. ANALYSIS

#### A. Discharging the Order to Show Cause

The Court's order to show cause for why this case should be dismissed for failure to prosecute is pending.  The plaintiff's counsel states that they misread the show cause order to read that the response was due in "14 days" instead of the 14th of the month of May.  Pl.'s Mot. for Leave (Dckt # 65) ¶ 4.  Plaintiff's counsel realized the error, and filed a reply to the show cause order one day after the due date.  *See* Pl.'s Reply (Dckt #65-2).  The reply notes the plaintiff's continued interest in pursuing the matter against the defendant, and asks that the Court not penalize the plaintiff for counsel's oversight.  *Id*. ¶ 4.  The Court credits the plaintiff's response, and therefore discharges the order to show cause.

#### B. Setting Aside Default Against the Defendant

#### 1. Legal Standard

"Default judgments are generally disfavored by courts, because entering and enforcing judgments as a penalty for delays in filing is often contrary to the fair administration of justice." *Int'l Painters and Allied Union and Indus. Pension Fund v. H.W. Ellis Painting Co., Inc.*, 288 F.Supp.2d 22, 25 (D.D.C. 2003).  With that said, under Federal Rule of Civil Procedure 55, "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b).  FED. R. CIV. P. 55.  This Court has examined "good cause" to set aside default by considering three factors: "(1) whether the default was willful, (2) whether a set-aside would prejudice plaintiff, and (3) whether the alleged defense was meritorious." *Keegel v.*

*Key W. & Caribbean Trading Co.*, 627 F.2d 372, 373 (D.C. Cir. 1980*); Thorpe v. Thorpe*, 364 F.2d 692, 694 (D.C. Cir. 1966), *Erick Rios Bridoux v. Eastern Air Lines, Inc.*, 214 F.2d 207, 210 (D.C. Cir. 1954). Importantly, "there is a distinction between the appropriate standard for setting aside a default and that appropriate for setting aside a default judgment." *Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980). Although both parties refer to there being a "default judgment," this is not the case. The hearing scheduled for April 30, 2013 was to put on evidence for damages and to enter final judgment against the defendant. Since a final judgment was never entered, this Court will consider defendant's motion to set aside default under the "good cause" Rule 55 analysis, as opposed to Rule 60(b), "Relief from a Judgment or Order," which the plaintiff offers in his opposition motion.

### 2. Granting Defendant's Motion to Set Aside Default Judgment

The defendant filed a pro se motion to set aside default judgment against him claiming that he first learned about this case approximately one year ago through an online search of his name. Def.'s Mot. (Dckt # 63) at 1. The defendant also states that he was surprised to see a filing, claiming that he was never served. *Id*. As set forth above, given the confusing and conflicting nature of the plaintiff's various certificates of service, this claim is certainly plausible. In contrast, the plaintiff states that the process server filed an amended proof of service attesting to the fact that the defendant was served. Pl.'s Opp'n (Dckt #67) at 1. Despite these conflicting facts, the Court granted a motion for order of default against the defendant. *Id*. at 2. Since this entry of default, the plaintiff resolved the case against other defendants involved in the matter, but the matter involving defendant Kellibrew was never resolved. *Id*. For this reason, the Court must consider the defendant's motion to set aside default under the three factors of "good cause."

The first factor to be considered is whether the default was willful. In determining "willfulness," the court has held that a defendant's negligence does not justify denying a motion to vacate default. *Jackson*, 636 F.2d at 837. The defendant acknowledges having conducted a "Google search" that uncovered the case against him, but he stated that he was surprised and does not mention acting upon this discovery. While this can be construed as negligent, it does not rise to a level of "willfulness" and is not sufficient to justify denying the defendant's motion to set aside the default. Further, once the defendant received additional notification of the case from his grandmother just over one month ago, the defendant followed through by filing his pro se motion. Given the circumstances, the Court cannot reach a conclusion that the defendant willfully defaulted.

The second factor to be considered is whether setting aside the default would prejudice the plaintiff. The plaintiff argues that he would be severely prejudiced if the default was set aside because the matter has been pending for two years and has been resolved favorably against other defendants in this case. Pl.'s Opp'n (Dckt #67) at 6. The plaintiff also states that he has put forth considerable time, energy, and money in prosecuting the case against the other defendants, and granting the defendant's motion would cost more time and money. *Id*. Although the Court agrees that further investigation is needed to pursue this case, the defendants from the previous resolution were police officers employed by the District of Columbia, whereas this defendant is a private citizen. As such, the process for going forward with prosecution is notably distinct. This is evidenced by the fact that the parties submitted a notice of dismissal of the matter without resolving the matter against defendant Kellibrew. *See* Notice of Dismissal (Dckt # 57). After filing the notice, the plaintiff filed a separate motion to reopen the case in order to set ex parte proof hearing for entry of final judgment against the defendant. *See* Pl.'s

Mot. to Reopen (Dckt # 58). Although the defendants were accused of injuries against the same plaintiff, it is evident from the complaint, subsequent notice of dismissal, and motion to reopen that the claims against the defendant Kellibrew differ from those against the other defendants. *See generally* Compl. (Dckt #1). That stated, the Court cannot say that setting aside the default against the defendant would prejudice the plaintiff.

The chronology of the suit and the plaintiff's minimal effort to pursue defendant Kellibrew also leads the Court to believe that setting aside the default would not prejudice the plaintiff. The complaint was filed on May 20, 2010 and yet the plaintiff did not seek entry of default against the defendant until May 5, 2011, nearly one year later. Moreover, the plaintiff did not seek default judgment until January 11, 2013. Although the plaintiff pursued the settlement with the other defendants, it is evident that the plaintiff made minimal efforts to pursue defendant Kellibrew. This was most recently evidenced by the plaintiff's failure to appear at the hearing scheduled for the entry of final judgment.

The final factor to be considered is whether the alleged defense was meritorious. In determining whether an alleged defense is "meritorious," the court has stated that, "[l]ikelihood of success is not the measure. Defendants' allegations are meritorious if they contain 'even a hint of a suggestion' which, proven at trial, would constitute a complete defense. *Keegel*, 627 F.2d at 374. The defendant's motion does give some hints that could possibly constitute a defense by denying key aspects to the alleged claims, and providing minimal written evidence. Therefore, the evidence from the defendant's motion meets the basic requirement for the final factor.

All of the factors weigh in favor of setting aside the default against the defendant in varying degrees. Moreover, as set forth above, there is uncertainty whether Mr. Kellibrew was ever actually served. For all of these reasons, the Court will grant the defendant's motion.

### C. Ordering Parties to Meet and Confer

Since the Court is granting the motion to set aside the default, the parties must now proceed under the U.S. District Court for the District of Columbia's Local Rules.  Accordingly, the parties are ordered to meet and confer as soon as practicable pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.3.  Additionally, within two weeks of conducting the conference, the parties must submit a written report to the Court "outlining the discovery plan and including a succinct statement of all agreements reached."  Local Rule 16.3(d).

### IV. CONCLUSION

For these reasons, the Court discharges the order to show cause for the plaintiff.  Further, the Court finds that there is good cause to set aside the default against the defendant and therefore grants the defendant's motion.  Finally, the Court will order the parties to meet and confer pursuant to Local Rule 16.3 and submit a report to the Court within two weeks of their conference.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 3rd day of July, 2013.

                                                                        RUDOLPH CONTRERAS
                                                                        United States District Judge